### No. 26586

**The Order of Friars Minor of the Province of the Most Holy Name, a Colorado corporation v. Denver Urban Renewal Authority, a body corporate and politic of the State of Colorado, and Honorable Robert T. Kingsley, District Court Judge for the City and County of Denver**

(527 P.2d 804)

Decided October 29, 1974.

Clarence L. Bartholic, for petitioner.

William G. Berge, for respondent Denver Urban Renewal Authority.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

The Denver Urban Renewal Authority (DURA) filed its petition in eminent domain and moved for immediate possession of property of respondent, The Order of Friars Minor of the Province of the Most Holy Name (Church). This property consisted of a church parking lot adjacent to and serving St. Elizabeth's Monastery and Church. The St. Elizabeth church building is not itself being condemned in this proceeding but has been designated as an historical site within the Auraria Higher Education Complex.

A hearing on DURA's motion for immediate possession was held in the district court. The Church contended that the proposed taking would unconstitutionally interfere with the free exercise of its religious function under the First Amendment to the United States Constitution and Article II,

Section 4, of the Colorado Constitution. No evidence was presented or received by the court, which entered only general findings to the effect that DURA had the right to condemn the property in question and was entitled to immediate possession. The motion of the Church for a rehearing was denied and the Church petitioned this Court to exercise its original jurisdiction. We issued our rule to show cause and now, having considered the matter on the merits, we make the rule absolute with directions.

The property sought to be condemned is the parking lot, which is paved, lighted, and fenced-in for the use of parishioners in the various activities of the Church. The Church contends that the lot is necessary to its operation, as it would impose a great difficulty upon many parishioners to attend were parking not available. The Church is in a high-crime area, evidenced partially by the fact that it is an area slated for urban renewal. Public transit is expensive and unreliable and walking often dangerous, particularly for the elderly. Thus, the Church maintains that unless the lot is preserved many parishioners will cease or at least be discouraged from attending church.

The entire area within which this church complex is situated has been designated by DURA for renewal under its Urban Renewal Program. DURA's plan for the lot in question entails a structure which is to be part of the Auraria Higher Education Complex. DURA points out that the eventual plan provides for public parking to be located directly across the street from the Church, thus resulting only in a temporary interference with the Church. Whether the planned lot would adequately replace the present one is in dispute.

In *Pillar of Fire v. Denver Urban Renewal Authority*, 181 Colo. 411, 509 P.2d 1250, this Court was confronted with resolving the conflict created when DURA sought to condemn and take immediate possession of the Pillar of Fire Church. There it was stated:

"The only conclusion which we can draw is that we must balance the interests involved in the controversy before us and recognize that the state must show a substantial interest without a reasonable alternate means of accomplishment if

the state is to be constitutionally allowed to take the birthplace of the Pillar of Fire Church, which is alleged to be *sui generis*.

* * * *

"* * * The Pillar of Fire is entitled to a hearing at which the competing interests of the Renewal Authority and the church can be weighed. A court must be given an opportunity to judge whether the Authority's plans for the specific block and the site of the church are so vital to the overall renewal plan that the petitioner's property should be condemned and demolished. * * *"

The subject property, having been designated an historical landmark, is analogous to the situation in *Pillar of Fire,* which involved the mother church and fountainhead of the sect. In such a situation, then, *Pillar of Fire* establishes that the court has a duty to weigh and balance the competing interests, public and religious. Only after such a hearing and upon finding that there is a substantial public interest involved which cannot be accomplished "through any other reasonable means," can the court proceed with the condemnation of the property.

In the hearing on immediate possession in the present case, apparently there was no evidence presented or considered by the court concerning the relative interest of the state under its urban renewal authority as against that of the Church under its constitutional right of free exercise of religion. Nor was there any determination of unavailability of alternate means of accomplishment of the Auraria Master Plan. We cannot, as we are urged by the respondent, extrapolate those necessary findings from the meager record and findings below. Moreover, the Church alleges in its brief that the trial court heard no evidence on several factors, including the issue of deprivation of religious free exercise through the property loss. DURA in effect admits in its brief that at least some interference with the Church functioning, albeit temporary, will result from the taking.

Additionally, we note that the Church has made further claim here that DURA failed to establish any right to

condemn, for the reason that there was no evidence that the parties were unable to agree to the compensation to be paid for the property sought to be condemned. *Stalford v. Board of Com'rs,* 128 Colo. 441, 263 P.2d 436; C.R.S. 1963, 50-1-2. This contention of want of prior negotiation in good faith is disputed by DURA in its brief. In the absence of a finding on this issue, however, we are unable to resolve the matter here.

■ The third reason asserted for overturning the court's ruling for immediate possession is based on DURA's alleged failure to comply with Public Law 89-665 (16 U.S.C. 470), which requires that an opportunity be given for comment by the Advisory Council on Historic Preservation of the effect of the condemnation in question upon St. Elizabeth's Monastery and Church, which had been designated as an historical site. We do not regard this alleged failure under the federal statute as invalidating DURA's statutory authority to condemn. We express no opinion, however, concerning problems which may be encountered because of DURA's alleged failure to comply with the federal statute.

The trial court is directed to vacate the order of immediate possession and to hold a further hearing, consonant with the views expressed herein.

MR. CHIEF JUSTICE PRINGLE does not participate.