**PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY OF AMERICA, a New Jersey Corporation, Petitioner,**

v.

**The DISTRICT COURT IN AND FOR the SEVENTEENTH JUDICIAL DISTRICT of the State of Colorado, and The Honorable Dorothy E. Binder, one of the Judges thereof, Respondents.**

No. 80SA174.

Supreme Court of Colorado,
En Banc.

Oct. 6, 1980.

Pryor, Carney & Johnson, W. Randolph Barnhart, Englewood, for petitioner.

Marie T. Layton, Anthony J. Sturniolo, Denver, Carroll & Bradley, P. C., John S. Carroll, Westminster, for respondents.

ERICKSON, Justice.

Prudential Property and Casualty Insurance Company of America (Prudential) petitioned this Court for a writ in the nature of prohibition. Prudential asserts that the respondent district court exceeded its jurisdiction in ordering consolidation of a declaratory judgment action with a subsequently filed cross–claim for personal injuries. The declaratory judgment action sought an interpretation of the rights and duties of Prudential under a homeowner's insurance policy. We issued a rule to show cause, and now make the rule absolute.

The following facts are undisputed. Prudential issued a homeowner's policy to Larry Chance. This policy excluded "bodily injury . . . which [was] either expected or intended from the viewpoint of the Insured." On May 19, 1979, an altercation between Chance and John Schultz took place at Chance's home. Chance and his wife were separated and Schultz was interested in Mrs. Chance. Schultz was at the Chance home on a Saturday morning when the hostilities commenced. Initially, Chance and Schultz cast words alone at each other, but eventually fists were thrown, and a chemical shield or mace was used. For one reason or another, Chance who had extensive training in the martial arts, and works as a Deputy United States Marshal, kicked Schultz in the groin, causing him to suffer the loss of a testicle. Schultz sought damages for his injury.

The facts behind the dispute appear in depositions taken by Prudential. Chance testified that he accidentally kicked Schultz. Chance testified that Schultz sprayed chemical shield (mace) in his face, and as a "immediate reaction" to "ward off a frontal attack," Chance kicked Schultz in the groin. Schultz stated in his deposition that he was first kicked by Chance and that he then sprayed the chemical shield in Chance's face in defense. Schultz agreed in his deposition, however, that the kick was accidental. Schultz testified that he "just [doesn't] believe the man intended to do it." Prudential, thereafter, questioned whether there was some collusion between Chance and Schultz to cause Prudential to pay for the injuries suffered by Schultz.

The declaratory judgment action was commenced after Schultz, through his attorney, sent a letter to Prudential indicating that he had been injured by Chance during an altercation on Chance's property. Prudential sought the declaratory judgment to determine its liability under the homeowner's policy which it issued to Chance. Prudential named Chance and Schultz as defendants. Schultz cross–claimed against Chance for either negligently or intention-

ally kicking him. Prudential requested that the two actions be considered separately.

The district court denied the motion to sever, and made the finding that a "declaratory judgment in this matter cannot be rendered without the determination of a factual issue. Defendant Schultz, according to the district court, has cross–claimed against defendant Chance and has requested a jury trial ... on the same factual issue." The district court found that "separate trials would not be convenient nor conductive to expedition or economy considering the interests of all the parties and the burden which would be imposed upon the Court." The following procedure was created by the district court to avoid prejudice to Prudential at the time of trial:

"(a) The case will be identified to the jury only as it relates to the cross–claim between the defendants, and Prudential will not be identified as a party.

"(b) [Prudential's] counsel will be permitted to participate in the trial as fully as desired and his representation as [Prudential's] attorney will not be disclosed to the jury. He will be permitted to cross–examine witnesses called by either or both defendants.

"(c) A special instruction will be submitted to the jurors asking them to decide whether or not Defendant Chance *intended* to cause bodily injury to Defendant Schultz.

"(d) Based upon the jury's answer to that inquiry, the Court will render a declaratory judgment."

Prudential argues before this Court that the district court proceeded in excess of its jurisdiction, and claims that the trial procedure ordered by the district court denies Prudential due process and its right to a jury trial as accorded by C.R.C.P. 38(a). We need not address the constitutional or jury trial issues. We conclude that the district court abused its discretion in ordering that the declaratory judgment action proceed to trial in accordance with the procedure fashioned by the district court to avoid prejudice to Prudential.

## I.

This Court's original jurisdiction may properly be invoked pursuant to C.A.R. 21 where a trial court has exceeded its jurisdiction or abused its discretion in exercising its functions, and appeal is not an appropriate remedy. *E. g., Gonzales v. District Court*, Colo., 602 P.2d 857 (1979); *Tyler v. District Court*, 193 Colo. 31, 561 P.2d 1260 (1977); *Vaughn v. District Court*, 192 Colo. 348, 559 P.2d 222 (1977); *City of Colorado Springs v. District Court*, 184 Colo. 177, 519 P.2d 325 (1974). In such cases a writ of prohibition may be issued. The general function of a writ of prohibition is to "restrain rather than remedy an abuse of jurisdiction." *Vaughn, supra*, 192 Colo. at 349, 559 P.2d at 223. We conclude that this Court's jurisdiction has been properly invoked pursuant to C.A.R. 21.

## II.

Pursuant to C.R.C.P. 42(a), a court may order a joint trial of two actions when they involve a common question of law or fact. Similarly, a court may order the separate trial of any separate issue or claim in order to avoid prejudice, or in the furtherance of convenience, or when conducive to the expeditious or economical determination of an issue or claim. C.R.C.P. 42(b). C.R.C.P. 42 grants the trial court discretion as to whether there should be separate trials or a joint trial. We have also declared that a court order as to a joint or separate trial will not be disturbed in the absence of a clear showing that there has been an abuse of discretion. *Moseley v. Lamirato*, 149 Colo. 440, 370 P.2d 450 (1962); *Willy v. Atchison, T. & S. F. Ry. Co.*, 115 Colo. 306, 172 P.2d 958 (1946). An abuse of discretion occurs where the court's failure to order separate proceedings virtually assures prejudice to a party. We conclude that Prudential will be prejudiced as a result of the district court's order of consolidation in this case, and that the district court abused its discretion.

Prudential instituted a declaratory judgment action against Chance and Schultz. Prudential sought a determination of its

liability to pay for the damages sustained by Schultz. The declaratory judgment action also sought a resolution of Prudential's obligation under the homeowner's policy to defend Chance in a proceeding by Schultz against Chance. The issues raised in Prudential's declaratory judgment action center on the construction of the key provisions of the homeowner's policy issued to Chance. More specifically, the question raised is whether the injury to Schultz is excluded from the policy's coverage pursuant to the language excluding "bodily injury ... which [was] either expected or intended from the viewpoint of the Insured." Generally, the construction of an insurance contract is a question of law for the court to determine. 13 Appleman, *Insurance Law & Practice*, § 7381 (1976). Since the facts concerning Chance's kicking of Schultz are in dispute, a question of fact arises which must be resolved by trial. *See, e. g., Hartford Fire Insurance Co. v. Spreen*, 343 So.2d 649 (Fla.App.1977); *Iowa Kemper Insurance Co. v. Stone*, Minn., 269 N.W.2d 885 (1978).

■ The district court, however, ordered that Prudential's declaratory judgment action be joined with Schultz's cross–claim against Chance for the purpose of trial. Schultz's cross–claim requires a full–fledged trial of various issues, including whether Chance's conduct was tortious, and the extent of Schultz's damages. By ordering Prudential's declaratory judgment action consolidated with Schultz's cross–claim, the district court denied Prudential an expedited determination of its obligation to defend Chance against Schultz's cross–claim. The district court's order precludes Prudential from ascertaining its duty under the homeowner's policy to defend Chance, and from defending Chance against Schultz's cross–claim.

The joint trial of the cross–claim and the issue of Prudential's declaratory judgment action also transforms Prudential from an adversary to a handicapped observer. Suspecting collusion between Chance and Schultz, Prudential initiated its declaratory judgment action thereby placing itself in the position of a plaintiff and Chance and Schultz in the position of defendants. Prudential thus acquired certain basic adversarial procedural rights, e. g., to make an opening statement, to call witnesses and present evidence, to examine and cross–examine witnesses, and to argue the evidence. The district court, however, denied virtually all of these rights to Prudential by the trial procedure which it created. According to the district court's order, Prudential will be permitted to participate in the trial of Schultz's cross–claim, but will not be identified as a party. Counsel for Prudential will appear anonymously and will be permitted to cross–examine the witnesses called by Schultz and Chance. Prudential will not be permitted, however, to explain its theory of the case to the jury and must rely upon the witnesses called by Schultz and Chance. Prudential's ability to present evidence not introduced by either Schultz or Chance will be absolutely foreclosed. Fundamentally, Prudential has been stripped of any adversarial role in exposing the feared collusion between Chance and Schultz.

■ Finally, we note that evidence of a party's liability insurance is irrelevant to the question of whether he acted negligently or otherwise, and as such, any allusion to insurance coverage is improper. *E. g.*, C.R.E. 411, *Johns v. Shinall*, 103 Colo. 381, 86 P.2d 605 (1939). In the present case, the question presented by Schultz's cross–claim is whether Schultz ought to recover for the personal injury he sustained.

The trial procedure ordered by the district court would deny Prudential the opportunity to effectively defend its interpretation of the policy. During the trial of the liability issues on the cross–claim, a mysterious attorney not representing either Chance or Schultz would be permitted to cross–examine all witnesses. It is inevitable that a jury of reasonably intelligent persons would conclude that this phantom attorney, not identified with any party, represents an insurance company. The likelihood of prejudice in this context is substantial, both to Prudential and Chance. A cautionary instruction would not alleviate

any potential prejudice, but would exacerbate the problem.

For the above–stated reasons, we conclude that in this rather unusual case the district court has abused its discretion in denying Prudential's request for a severance of its declaratory judgment action from the cross–claim filed by Schultz. The cause is remanded for further proceedings consistent with this opinion.