623 P.2d 40 (1981)
COQUINA OIL CORPORATION, a Nevada Corporation; N.F.C. Petroleum Corporation, a Delaware Corporation; and Hanson Oil Corporation, a New Mexico Corporation, Petitioners,
v.
The DISTRICT COURT OF the NINTH JUDICIAL DISTRICT, in and for the County of Rio Blanco, State of Colorado, and The Honorable Thomas W. Ossola, District Court Judge, and Harry Kourlis Ranch, a Colorado general partnership, Respondents.
No. 80SA415.
Supreme Court of Colorado, En Banc.
January 26, 1981.
Rehearing Denied February 17, 1981.
Friedman, Hill & Robbins, David W. Robbins, Alan H. Friedman, Denver, for petitioners.
Kourlis & Thornberry, Rebecca Love Kourlis, Craig, for respondents.
LOHR, Justice:
Pursuant to C.A.R. 21, we issued a rule to show cause why the respondent district court should not be directed to grant the petitioners' motion for immediate use of a right-of-way across lands owned by respondent Harry Kourlis Ranch (Kourlis). The motion was filed in an action brought by the petitioners to condemn the right-of-way in order to obtain access to real property covered by federal oil and gas leases held by them. See section 38-1-101 to 121, C.R.S. 1973 (1979 Supp.). We have concluded that this is not an appropriate case for exercise *41 of our original jurisdiction, and now discharge the rule.
The trial court record in this case is not before us. We learn the facts from the briefs of the parties.
The petitioners, Coquina Oil Corporation, N.F.C. Petroleum Corporation, and Hanson Oil Corporation, are assignees of the lessees' interests in certain contiguous federal oil and gas leases covering lands in Rio Blanco County. Having no rights of access to the leased lands, the petitioners designed an access route and negotiated with landowners to obtain the requisite rights-of-way. Nine-tenths of a mile of the access route crosses lands owned by Kourlis. After attempts to purchase access rights from Kourlis failed, the petitioners brought an action in Rio Blanco County district court to condemn a private way of necessity for an access roadway and an oil and gas pipeline across the Kourlis lands. See Colo. Const. Art. II, § 14; section 38-1-102(3), C.R.S. 1973.
Thereafter, pursuant to section 38-1-105(6)(a), C.R.S. 1973, the petitioners filed a motion in limine for possession and use of the right-of-way pending conclusion of the condemnation proceedings. After a hearing, the trial court denied the motion. From its written order of September 12, 1980, it appears that the sole basis of the denial was as follows:
"It is the conclusion of this Court that Petitioners have failed to establish proper standing to proceed in condemnation as lessees under Article II, Section 14 of the Colorado Constitution and C.R.S. 1973, 38-1-102(3). These provisions are only available to owners of fee interests and not available to federal oil and gas lessees holding interests under leases such as those held by Petitioners."
No final judgment has been entered.
The petitioners then sought relief in this court under C.A.R. 21, contending that the trial court had exceeded its jurisdiction and abused its discretion in ruling that condemnation is not available to federal oil and gas lessees. The petitioners asserted that denial of prompt review would jeopardize certain of their oil and gas leases because of inability to obtain access to drill for and produce oil within times prescribed in the leases; that rights to another segment of the access route will expire by February 1, 1981; that there is no final judgment from which to appeal; and that there is no plain, speedy, and adequate remedy through the appellate process. In addition, the petitioners urged the public importance of resolving the question of the ability of holders of federal oil and gas leases to condemn private ways of necessity to obtain access to develop energy resources on otherwise legally inaccessible federal oil and gas leaseholds. Upon review of the petition, we issued a rule to show cause.
The principles with respect to the appropriate functions of original proceedings under C.A.R. 21 are well-settled and familiar. An original proceeding is authorized to test whether the trial court is proceeding "without or in excess of its jurisdiction." C.A.R. 21(a); see Vaughn v. District Court, 192 Colo. 348, 559 P.2d 222 (1977). Such a proceeding is also appropriate to review a serious abuse of discretion where an appellate remedy would not be adequate. E. g., Varner v. District Court, Colo., 618 P.2d 1388 (1980); Tyler v. District Court, 193 Colo. 31, 561 P.2d 1260 (1977); Lucas v. District Court, 140 Colo. 510, 345 P.2d 1064 (1959). It is not a substitute for appeal. Vaughn v. District Court, supra; Alspaugh v. District Court, 190 Colo. 282, 545 P.2d 1362 (1976). The exercise of original jurisdiction under C.A.R. 21 is discretionary. Vaughn v. District Court, supra; cf. Sutterfield v. District Court, 165 Colo. 225, 438 P.2d 236 (1968) (1968 counterpart to C.A.R. 21).
We have exercised original jurisdiction in instances where a trial court's action in issuing an order for immediate possession in a condemnation action was challenged. Order of Friars v. Denver Urban Renewal Authority, 186 Colo. 367, 527 P.2d 804 (1974); Larson v. Chase Pipe Line Company, 183 Colo. 76, 514 P.2d 1316 (1973); Potashnik v. Public Service Co. of Colorado, *42 126 Colo. 98, 247 P.2d 137 (1952); Swift v. Smith, 119 Colo. 126, 201 P.2d 609 (1948). Such orders are interlocutory and not subject to review by appeal before final judgment. Town of Glendale v. City and County of Denver, 137 Colo. 188, 322 P.2d 1053 (1958); First National Bank of Greeley v. Minnesota Mines, Inc., 109 Colo. 6, 121 P.2d 488 (1942). In such cases, if the plaintiff proceeded to take possession and alter the land pending final judgment and review on appeal, the injury to the landowner might prove irreparable. See Swift v. Smith, supra. Similarly, circumstances can be envisioned in which the delay incident to the denial of an order for immediate possession could cause irreparable injury to a person seeking to condemn property if that order could not be reviewed before final judgment. We are not persuaded that such circumstances exist in this case.
Here, the basis upon which immediate possession was denied is not limited to the appropriateness of that interim relief. Instead, it goes to the core of the plaintiffs' asserted right to condemn the right-of-way. The trial court's ruling that a federal oil and gas lessee cannot condemn a right-of-way of necessity for access to the leased lands ends the case for all practical purposes. Absent a reconsideration of that ruling, all that remains is the entry of final judgment. Once judgment is entered, the petitioners may pursue review by appeal, permitting the matter to be reviewed on the basis of the entire record in the trial court.
The record does not permit us to evaluate fully the petitioners' contention that some of their oil and gas leases may be lost because of inability to obtain access to drill and produce oil during the primary terms of such leases. The only oil and gas lease before us is attached to the petition and has a ten-year primary term expiring March 1, 1984. Respondent Kourlis represents that most of the leases which were introduced in evidence in the trial court have primary terms which expires in November of 1982. The Bureau of Land Management right-of-way permit upon which the petitioners rely reflects that it will terminate on February 1, 1981, and may be extended for an additional six months in the discretion of the Bureau of Land Management. This record does not establish that appellate review would not afford adequate relief. Relief by original proceedings is disfavored in such circumstances. See Weaver Construction Co. v. District Court, 190 Colo. 227, 545 P.2d 1042 (1976).
We conclude that this is not a proper case for relief under C.A.R. 21 and that the rule to show cause was improvidently issued. Accordingly, the rule to show cause is discharged.
ROVIRA, J., does not participate.