Robert D. MITCHELL and Helen E. Mitchell, Petitioners,

v.

DISTRICT COURT In and For the EIGHTH JUDICIAL DISTRICT, and Arnaud Newton, Judge Thereof, Respondents.

No. 83SA244.

Supreme Court of Colorado, En Banc.

Dec. 5, 1983.

---

Joseph P. Jenkins, P.C., Joseph P. Jenkins, Estes Park, for petitioners.

Fischer & Wilmarth, Steven G. Francis, Fort Collins, for respondents.

KIRSHBAUM, Justice.

Petitioners, Robert and Helen Mitchell, filed a petition for relief in the nature of prohibition pursuant to C.A.R. 21(a) seeking extraordinary relief to review various actions of the respondent trial court. Petitioners specifically requested this court to require the trial court to permit them to amend their complaint to join additional parties under C.R.C.P. 19(a); to vacate a trial date; and to postpone the taking of certain depositions. A rule to show cause why such relief should not be granted was issued, together with an order staying all proceedings, on the basis of this petition.

We now discharge the rule and vacate our stay order.

This case arises out of a dispute concerning use of a mobile home park which adjoins petitioners' property. Petitioners initially filed suit against the then owner of the mobile home park, Leroy Cox, seeking monetary damages and requesting injunctive relief to abate a nuisance. Cox prevailed at the trial of that suit; however, the judgment was reversed by the Colorado Court of Appeals. *Mitchell v. Leroy Cox, d/b/a Spruce Lake Recreational Vehicle Park* (Colo.App. No. 80CA0455, Dec. 31, 1981) (not selected for official publication). On November 26, 1980, while the appeal was pending, the park was sold by Cox to Spruce Lake Recreational Vehicle Park, a corporation. Plaintiffs successfully sought to amend their complaint to join Spruce Lake as a party defendant, and the matter was set for re-trial.

During preparations for re-trial, petitioners discovered that on April 1, 1983, Spruce Lake had conveyed the park to "William D. Rogers, Trustee." Petitioners then filed a "Motion to Vacate Trial Setting and for Leave to Amend" with the trial court, requesting permission to amend their complaint "to add William D. Rogers, Trustee ... as an additional party defendant" and asking that the June 27 trial date be vacated. Petitioners' petition for extraordinary relief was filed after the trial court's ruling on that motion.

That petition contained the following allegation:

"The respondent court has denied petitioners' motion to join the new owner of the mobile home park which is mandatory under C.R.C.P. 19(a). The court declined to rule on the necessity of joining the present owner and ordered petitioners to proceed to trial on June 27, 1983, against the present defendant non-owners on the issue of damages only. The court's threatened action will preclude petitioners from seeking injunctive relief, which is the graveman [sic] of their complaint, because of present non-ownership of the

mobile home park by the two defendants."

On the basis of these allegations, we issued a rule to show cause.[1]

As respondents note in their answer to the show cause order, any suggestion that the trial court denied petitioners' motion to join the trustee as a third party defendant is directly contradicted by the transcript of the hearing on petitioners' motion.[2] A petitioner seeking prohibition has the responsibility of providing this court with a record that will substantiate the request for extraordinary relief. *People v. District Court,* 636 P.2d 689 (Colo.1981). Petitioners have failed to meet this burden. Furthermore, a writ in the nature of prohibition does not serve as a substitute for an appeal. *Vaughn v. District Court,* 192 Colo. 348, 559 P.2d 222 (1977). We find no justification for issuance of an extraordinary remedy here. Accordingly, we discharge the rule and vacate our order staying all proceedings in the trial court.

Rule discharged.

1. The issuance of the Rule to Show Cause effectively provided relief from that portion of the trial court's order which denied petitioners' requests for continuances.

2. In ruling on petitioners' motion to amend, the trial court stated as follows:
"The Court's [sic] going to grant the Plaintiffs' motion to file a fourth amended complaint. The Court will deny the Plaintiffs' motion to vacate the trial date, I feel that this matter has gone on for a number of years, and that the jury can determine damages and resolve that issue. The Court can take that testimony as well as—once the additional defendant is joined, if he is joined—then the Court can have a hearing to the Court on the equitable relief and in terms of injunction."
Later in the hearing, when asked by petitioners to repeat its ruling, the trial court stated as follows:

"Your motion to amend was granted, and your motion to vacate the trial date was denied. The Court ruled that the question of the jury trial part of the case with regard to damages will be heard as scheduled. The Court will review that testimony and have whatever later hearings are necessary with additional parties, should service be effective on the new defendant with regard to the injunctive relief."
Petitioners concede that the transcript reveals that the trial court did grant their motion to join the trustee as a party. We do not approve the filing of petitions for extraordinary relief from specific trial court rulings when the precise contents of such rulings have not first been ascertained by the petitioners.