**Judith GAEDE, Petitioner,**

v.

**The DISTRICT COURT In and For the EIGHTH JUDICIAL DISTRICT, and the Honorable A. Arnaud Newton, Jr., a Judge Thereof, Respondents.**

**No. 83SA383.**

Supreme Court of Colorado, En Banc.

Feb. 27, 1984.

---

Krendl & Netzorg, P.C., Gordon W. Netzorg, J. Nicholas McKeever, Jr., Denver, for petitioner.

Dietze, Davis & Porter, Ronald B. Porter, Boulder, for respondents.

KIRSHBAUM, Justice.

In this original proceeding filed pursuant to C.A.R. 21,[1] petitioner, Judith Gaede, seeks relief from an order entered by respondent, Larimer County District Court, requiring all damage issues in this pending civil jury trial proceeding to be tried prior to any determination of liability. We issued a rule to show cause why the relief requested should not be granted, and stayed the trial proceedings. We now make the rule absolute.

I.

In 1980, Gaede, as plaintiff, filed a civil action against defendants, Lobar, Inc., Handy Dan Realty Corporation and M & I, Inc., for damages allegedly resulting from a construction project. Gaede and Handy Dan owned adjacent lots located in a Fort Collins shopping mall. In late 1979, both began to construct buildings on their properties. In April 1980, Gaede discovered that the Handy Dan project extended into a portion of her lot. Gaede subsequently filed an action against Handy Dan, Lobar (the general contractor), and M & I (an engineer). Gaede apparently sought damages for loss of land value, loss of use of land, and impairment of leasing opportunities, based on claims of negligence, trespass, and breach of contract.[2]

These three defendants denied liability; asserted various defenses, including failure to mitigate damages and Gaede's own negligence; and filed crossclaims against each other. Third-party complaints were filed against the architect for the project and against two corporations who previously

---

1. This court's original jurisdiction may be invoked pursuant to C.A.R. 21 to determine whether a trial court has exceeded its jurisdiction or abused its discretion, when an appeal is not an appropriate remedy. *Prudential Property & Casualty Ins. Co. v. District Court,* 617 P.2d 556 (Colo.1980).

2. The record does not contain a copy of the complaint filed by petitioner, nor does it contain information as to the amount of damages claimed in the *ad damnum* clause. Respondents' brief asserts that Gaede's claimed damages are in "excess of $400,000."

had owned lots in the shopping center, and Handy Dan filed a separate counterclaim for damages allegedly caused by Gaede's negligence. Lobar filed a separate mechanic's lien action against Gaede, which action has been consolidated for trial with the case initiated by Gaede.

At a pretrial conference on May 23, 1983, some of the parties suggested that the trial should be bifurcated and that issues of damages should be tried before any determination of liability.[3] Gaede opposed such proposal. Respondent district court requested written comments on the suggestion, and Gaede and some of the parties sent letters to the trial court stating their positions on the question. On August 18, 1983, respondent court entered an order containing the following pertinent language:

"The Court has considered the written proposals of the parties and feels that in view of the great number of parties involved and the reasonable likelihood of [Gaede] recovering some damages that trying the issue of [Gaede's] damages first would bring about the efficiencies in that once [Gaede's] damages were quantified, the Defendants and other parties might more easily be able to settle the case with [Gaede] and among themselves."

Gaede argues that in the circumstances of this case this order constitutes an abuse of discretion. We agree.

## II.

▬▬ Colorado Rule of Civil Procedure 42(b) states as follows:

"The court in furtherance of convenience, or to avoid prejudice, or when separate trials will be conducive to expedition or economy may order a separate trial of any separate issue or of any number of claims, crossclaims, counterclaims, third-party claims, or issues."

A trial court enjoys broad discretion under C.R.C.P. 42(b) to order separate trials on specific issues in appropriate civil cases. *Prudential Property & Casualty Insurance Co. v. District Court,* 617 P.2d 556 (Colo.1980); *Moseley v. Lamirato,* 149 Colo. 440, 370 P.2d 450 (1962); *Kielsmier v. Foster,* 669 P.2d 630 (Colo.App.1983). However, the rule itself prescribes certain requisites which limit trial court authority to require separate litigation of portions of a civil action. Those prerequisites are: (1) convenience, (2) avoidance of prejudice, or (3) promotion of expedition or economy in the adjudicatory process. In the absence of any of these conditions, the rule is not applicable. *Sutterfield v. District Court,* 165 Colo. 225, 438 P.2d 236 (1968).

▬▬ The trial court's bifurcation order in this case does not specify which, if any, of the prerequisites enumerated in C.R.C.P. 42(b) are present. The order does suggest that it was designed to encourage the parties to settle the lawsuit. Colorado Rule of Civil Procedure 42(b) is intended to facilitate orderly adjudication of a matter which must be resolved by trial. Anticipation of an agreed settlement is not a proper basis upon which to rest an order of bifurcation.

Any decision to apply the procedural alternatives permitted by the rule can be made only after careful analysis of the evidentiary and procedural nuances of a particular case. Circumstances to be considered include the interrelationships of issues and claims, potential prejudice to any party, potential duplication of evidence, and possible delay in the ultimate resolution of the case. *See Prudential Property & Casualty Insurance Co. v. District Court, supra. See also Ingram Corp. v. J. Ray McDermott & Co.,* 495 F.Supp. 1321 (E.D. La.1980). The record here indicates that

---

**3.** The record does not contain any formal motion, order, or transcript of this pretrial conference. In view of this state of the record, we elect to accept as accurate uncontroverted statements in the briefs filed in this proceeding, together with representations contained therein respecting the authenticity of exhibits attached to such briefs.

Gaede's damage claims are based on three distinct theories of liability involving different measures of damages; thus, the evidentiary problems involved at any trial of damages might be materially affected by which theory or theories of liability ultimately are sustained. Whether the evidentiary bases of the parties' liability and damage claims are closely related, and whether bifurcation would result in prejudice to Gaede, as she contends, or to some other party,[4] are matters which cannot be evaluated on the basis of the record before us. *See Ingram Corp. v. J. Ray McDermott & Co., supra; Organic Chemicals, Inc. v. Carroll Products, Inc.,* 86 F.R.D. 468 (W.D.Mich.1980); *United States v. Marietta Manufacturing Co.,* 53 F.R.D. 390 (S.D. W.Va.1971). *See also United Air Lines, Inc. v. Wiener,* 286 F.2d 302 (9th Cir.), *cert. denied,* 366 U.S. 924, 81 S.Ct. 1352, 6 L.Ed.2d 384 (1961).

Because the trial court's order does not contain sufficient findings to establish whether it is based on any of the prerequisites required by C.R.C.P. 42(b), it cannot stand in its present posture. *Sutterfield v. District Court, supra.* Because of this conclusion, we do not consider Gaede's further argument that the trial court abused its discretion in ordering a trial of all damage issues to precede any trial of issues of liability.

The rule is made absolute, the stay of proceedings is discharged, and the order of bifurcation is set aside. Any further proceedings respecting the issue of bifurcation shall be conducted in accordance with this opinion.

---

**4.** Some parties did not submit letters or arguments indicating support for the motion to bifurcate.