695 P.2d 1133 (1984)
Scott Harris WHITE, Petitioner,
v.
DISTRICT COURT In and For the FOURTH JUDICIAL DISTRICT of the State of Colorado, the Honorable David D. Parrish, One of the Judges Thereof, Respondents.
No. 84SA189.
Supreme Court of Colorado, En Banc.
November 13, 1984.
*1134 Simons & Iuppa, Frank S. Simons, Jr., Colorado Springs, for petitioner.
Robert L. Russell, Dist. Atty., Michael E. Morris, Deputy Dist. Atty., Colorado Springs, for respondents.
KIRSHBAUM, Justice.
This matter is before us upon a Petition for Writ of Prohibition and Mandamus filed by Scott Harris White, petitioner, against the District Court in and for the Fourth Judicial District of Colorado and a judge thereof, respondents.[1] The petition asserts that respondent district court violated petitioner's constitutional rights and acted in excess of its jurisdiction in granting a motion by the prosecuting attorney to vacate a plea agreement and to reinstate certain charges originally filed against petitioner but dismissed in furtherance of the plea agreement.[2] We granted a rule to show cause, and now discharge the rule.
On June 16, 1983, petitioner and a co-defendant were charged by information with the crimes of first degree kidnapping, aggravated robbery, first degree sexual assault, first degree burglary, and felony menacing. The information also contained a claim for mandatory sentencing for a crime of violence. On July 29, 1983, petitioner entered pleas of not guilty to these charges.
Some time after July 29, 1983, petitioner's attorney and the prosecuting attorney held numerous discussions about the possibility of reaching a plea agreement, including the possible terms of such an agreement. An agreement ultimately was reached, pursuant to which petitioner would tender guilty pleas to the offenses of first degree kidnapping and aggravated robbery; the remaining charges would be dismissed at the prosecution's request; and the prosecution would recommend concurrent sentences of ten and eight years, respectively, on the kidnapping and robbery charges. According to the petition, "[a]n additional condition on the plea would be that [petitioner] would cooperate with the prosecuting authorities and testify against his co-defendant whenever requested."[3]
On October 13, 1983, "pursuant to the plea agreement," according to the petition, petitioner entered pleas of guilty to first degree kidnapping and aggravated robbery and the matter was continued for sentencing. Prior to the sentencing hearing, at the request of the prosecution, petitioner testified against the co-defendant at the latter's competency hearing. On January 13, 1984again, according to the petition, "pursuant to the plea agreement"petitioner was sentenced upon his pleas of guilty to first degree kidnapping and aggravated robbery, the remaining charges contained in the information were dismissed, and petitioner commenced his sentence.
*1135 On March 8, 1984, petitioner was transported from his place of incarceration to Colorado Springs for the purpose of testifying as a prosecution witness in the then on-going trial of the co-defendant. Petitioner refused to testify, stating that his life would be in jeopardy if he did. The petition[4] states that "[t]he matter was then set for a hearing to determine whether or not the prosecution's oral motion to withdraw the Petitioner's guilty plea and the plea agreement would be granted." The petition further states that on March 30, 1984, "after a hearing, the [respondent] granted the District Attorney's Motion to Withdraw the Petitioner's guilty plea ... [and] Petitioner's sentence was vacated and all original charges were reinstated." Petitioner seeks an order vacating respondent's ruling on the ground that respondent lacked jurisdiction to consider the motion.
Relief in the nature of prohibition provided by C.A.R. 21 is an extraordinary remedy limited in purpose and in availability. People v. District Court, 664 P.2d 247 (Colo.1983); Panos Investment Co. v. District Court, 662 P.2d 180 (Colo.1983); Meaker v. District Court, 134 Colo. 151, 300 P.2d 805 (1956). The terms of the rule, as here pertinent, permit parties to ongoing judicial proceedings in district courts to request the exercise of this court's original jurisdiction if the district court "is proceeding without or in excess of its jurisdiction." C.A.R. 21(a).[5] Although the remedy permits early correction of district court rulings rendered in excess of the court's jurisdiction, Chavez v. District Court, 648 P.2d 658 (Colo.1982), it is not a substitute for an appeal. Vaughn v. District Court, 192 Colo. 348, 559 P.2d 222 (1977). The granting of the remedy is entirely within this court's discretionary authority. See Coquina Oil Corp. v. District Court, 623 P.2d 40 (Colo.1981); Vaughn v. District Court, supra.
In view of the limited function of C.A.R. 21 proceedings, we have recognized that one who seeks the extraordinary relief authorized by the rule assumes the burden of clearly establishing that the respondent district court is proceeding without or in excess of its jurisdiction. Brewer v. District Court, 655 P.2d 819 (Colo.1982). Additionally, a petitioner seeking prohibition under this rule assumes the responsibility of providing this court with a record sufficient to substantiate the request for extraordinary relief. Mitchell v. District Court, 672 P.2d 997 (Colo.1983).
In support of the assertion that respondent acted in excess of its jurisdiction, petitioner merely asserts in his petition that "[n]othing in the statutes, rules or case law provides for a procedure whereby a guilty plea and sentence may be withdrawn at the request of the prosecuting attorney." It should initially be noted that at the time the challenged ruling was entered the district court was simply acting upon the People's motion. If, as petitioner implies, the People were not authorized to assert a violation of the plea agreement by way of oral motion, any error by respondent in acting upon the motion would be an error of law, not generally cognizable in a C.A.R. 21 proceeding. Furthermore, although the absence of a specific rule authorizing particular procedural events might in some circumstances indicate an abuse of discretion by a district court which participates in such events, the basis for the exercise of judicial authority is normally found in jurisdictional statutes, not in the language of procedural rules.[6]
*1136 In this case, we conclude that respondent had jurisdiction to review the conditional plea agreement entered into by petitioner by virtue of the statute authorizing district courts to approve such arrangements. Section 16-7-302, 8 C.R.S. (1978), describes the responsibilities of trial courts with respect to plea agreements. Section 16-7-302(3) provides that "the judge in every case should exercise an independent judgment in deciding whether to grant charge and sentence concessions." When, as apparently occurred here, both charge and sentence concessions are agreed upon by the parties and approved by the district court on the basis of an express condition, we hold that the district court retains jurisdiction over the plea agreement so approved at least until such time as the express condition has been satisfied. Thus, respondent had jurisdiction to entertain and act upon the prosecution's motion to vacate the plea agreement.
Petitioner's primary assertions are in reality assertions that respondent erred as a matter of law in granting the prosecution's motion. As previously noted, that issue is generally not appropriate for determination in the context of a C.A.R. 21 proceeding. More importantly, petitioner has failed to satisfy his burden of demonstrating clearly the asserted deprivation of federal[7] and state[8] constitutional protections against double jeopardy. Analysis of such issues in the context of this case requires careful scrutiny of the precise terms of the plea agreement and motion to vacate same, as well as an examination of the proceedings during which the terms and conditions of the agreement were discussed by and explained to respondent and defendant and ultimately accepted by respondent. No pleadings or transcripts of proceedings below have been furnished to us. In the absence of such information, we could not resolve the legal issues presented by the petition even were we to consider them cognizable in this C.A.R. 21 proceeding. See Brewer v. District Court, 655 P.2d 819 (Colo.1982).
For the foregoing reasons, the rule is discharged.
NOTES
[1] Jurisdiction is established by C.A.R. 21.
[2] Respondents' response to the order to show cause does not state any particular disagreement with the factual assertions of the petition. However, the response does contain numerous specific factual assertions concerning several critical events allegedly occurring below. In his reply to the response, petitioner neither denies nor accepts the accuracy of respondent's factual representations, but rather refers expressly to the factual summary set forth in his petition. In ascertaining the factual understandings of this dispute, in the absence of any transcripts, we limit ourselves to consideration of the statement of facts contained in the petition and to entries contained in the register of actions obtained at our request from the clerk of respondent court. See Brewer v. District Court, 655 P.2d 819 (Colo.1982).
[3] Neither party has furnished us with a copy of any plea agreement or a transcript of any proceedings during which the agreement was described.
[4] Neither party has furnished us with transcripts of the proceedings during which the motion was made, argued, or decided.
[5] The remedy provided by this rule is also available in limited circumstances to correct a gross abuse of discretion by a district court when the damages allegedly resulting from such abuse of discretion cannot be remedied by means of a successful appeal. Public Service Co. v. District Court, 638 P.2d 772 (Colo.1981); Prudential Property & Casualty Insurance Co. of America v. District Court, 617 P.2d 556 (Colo.1980); Gonzales v. District Court, 198 Colo. 505, 602 P.2d 857 (1979). Petitioner does not assert that respondent's ruling constituted an abuse of discretion.
[6] Petitioner and respondent debate the applicability of Crim.P. 32(d), Crim.P. 35, Crim.P. 57(b), and C.R.C.P. 60(b) to the circumstances of this case. In our view, these procedural rules do not purport to grant jurisdiction to a court which may or may not be called upon to follow them in the course of a particular trial.
[7] Amendment V to the United States Constitution states in pertinent part as follows:

nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb.
[8] Article II, Section 18, of the Colorado Constitution states in pertinent part as follows:

No person shall be compelled to testify against himself in a criminal case nor shall any person be twice put in jeopardy for the same offense.