**William C. FISHER, Plaintiff-Appellant,**

**v.**

**The COUNTY COURT OF the CITY AND COUNTY OF DENVER, and the Honorable Larry L. Bohning, one of the Judges thereof, Defendant-Appellee.**

**No. 85CA0028.**

Colorado Court of Appeals, Div. IV.

March 27, 1986.

Eugene Deikman, P.C., Lionel D. Hopson, Denver, for plaintiff-appellant.

Norman S. Early, Jr., Dist. Atty., Brooke Wunnicke, Chief Appellate Deputy Dist. Atty., Donna Skinner Reed, Deputy Dist. Atty., Denver, for defendant-appellee.

SILVERSTEIN, Judge.*

Plaintiff, William C. Fisher, appeals the judgment of the district court denying his application under C.R.C.P. 106(a)(4) for a writ of prohibition against defendant, the County Court of the City and County of Denver. We affirm.

Plaintiff was charged in the county court with driving under the influence of intoxi-

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* art. VI, Sec. 5(3),

and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

cating liquor. Seeking dismissal of the charge, plaintiff filed a motion which alleged that the discrepancy between the date of his arrest and that which appeared on the blood samples retained for blood-alcohol testing, together with the incongruity between the small amount of alcohol he had imbibed and the state's blood-alcohol test results, cast doubt upon whether the tested blood was his. Because the retained blood sample contained fluoride, which is a preservative necessary for blood-alcohol testing, it could not be typed for identification; thus, plaintiff asserted that the state had failed to preserve an adequate sample of blood for independent testing and that, therefore, the state's blood-alcohol test results had to be suppressed and the charge dismissed.

Following a hearing, the county court ruled that the state had preserved an adequate sample of plaintiff's blood and that the irregularities in the dates affected the weight, not the admissibility, of the results of the blood-alcohol tests. It, therefore, denied the motion. Thereafter, plaintiff sought a writ of prohibition in the district court. The district court denied plaintiff's application on its merits.

■■■ We agree with the district court's decision, but for a different reason than that relied upon by that court. Because this court's jurisdiction on appeal depends upon whether the matters presented were properly before the district court in a C.R.C.P. 106 proceeding, *Zaharia v. County Court,* 673 P.2d 378 (Colo.App.1983), we must determine whether the county court's denial of plaintiff's motion to dismiss, which denial was based upon its refusal to suppress the results of the blood-alcohol tests, was reviewable under C.R.C.P. 106(a)(4). We conclude that it was not.

■■■ Relief in the nature of prohibition pursuant to C.R.C.P. 106(a)(4) is properly sought where no other "plain, speedy and adequate remedy" is available. Thus, prohibition "may not be used to restrain a trial court from committing error in deciding a question properly before it." *Alspaugh v. District Court,* 190 Colo. 282, 545 P.2d 1362 (1976). Rather, the error, if any, must be corrected by appeal. *See Vaughn v. District Court,* 192 Colo. 348, 559 P.2d 222 (1977).

Here, the county court, finding that the state's blood-alcohol test results were admissible, denied plaintiff's motion to dismiss. This ruling does not affect the jurisdiction of the county court to proceed, and therefore, neither the district court nor this court may properly inject itself into the matter at this juncture. *Vaughn v. District Court, supra.* The error, if any, is subject to correction on appeal. *See People v. Traubert,* 199 Colo. 322, 608 P.2d 342 (1980); *Alspaugh v. District Court, supra;* C.A.R. 4.1. Accordingly, dismissal of plaintiff's application for a writ of prohibition was proper. *See Slaughter v. County Court,* 712 P.2d 1105 (Colo.App.1985).

Judgment affirmed.

ENOCH, C.J., and HODGES, J., concur.