The PEOPLE of the State of Colorado ex rel. Barney IUPPA, District Attorney, Petitioner,

v.

The DISTRICT COURT OF EL PASO COUNTY, Colorado, and Honorable Bernard R. Baker, one of the Judges thereof, Respondents.

No. 86SA344.

Supreme Court of Colorado, En Banc.

Jan. 20, 1987.

Barney Iuppa, Dist. Atty., Jeanne S. Bennett, Chief Deputy Dist. Atty., Colorado Springs, for petitioner.

Ranson, Thomas & Yukawa, Colorado Springs, for respondents.

VOLLACK, Justice.

We issued a rule to show cause to determine whether the district court of El Paso County acted without and in excess of jurisdiction when it granted a motion for new trial in *People v. Jennings*, No. 86CR715. We now make that rule absolute.

I.

The defendant was charged with second degree burglary and robbery of the elderly, occurring on March 19, 1986. The defendant was also charged in a second case with aggravated robbery of the same victim,

occurring on March 2, 1986.[1] Both cases were joined for jury trial, which commenced on June 3, 1986. On June 5, 1986, the jury returned a verdict of guilty as to the charges relating to the March 19th robbery and not guilty as to the charges arising from the earlier robbery on March 2, 1986. The court accepted the verdicts and provided thirty days within which to file a motion for new trial.

At the sentencing hearing on July 14, 1986, thirty-nine days after the trial, the court noted that the defendant had failed to file a motion for new trial. Defense counsel admitted the failure to file a motion for new trial and stated that the omission was intentional and rather than filing a motion for new trial, the defendant planned to file a notice of appeal. The court stated that it had comments on the case it would like to make and granted the defendant an additional week to file a motion for new trial.

The defendant then filed a motion for judgment of acquittal or new trial, and the court heard argument on that motion on July 21, 1986, over the People's objection as to the untimeliness of the motion. The court, in denying the motions, cited *People v. Darland,* 613 P.2d 1310 (Colo.1980), and ruled that it had lost jurisdiction to consider the defendant's motion for judgment of acquittal or new trial. The court then appointed a new attorney to investigate whether there had been incompetent representation in the defense counsel's failure to file a timely motion for new trial. The court reset the case for August 4, 1986. Several other unrelated motions were then filed. On August 28, 1986, the defendant appeared with his new counsel. The court ruled that there had been no neglect by the original defense counsel's lack of action. Nevertheless, the court ruled that it retained jurisdiction over the new trial motion, and it granted the motion. There had been no claim of excusable neglect or newly discovered evidence.

## II.

Rule 33 of the Colorado Rules of Criminal Procedure, pertaining to motions for new trial, states in applicable part:

**(b) Motions for New Trial or Other Relief Directed by the court.**

The court may direct a party to file a motion for a new trial or other relief on any issue. The failure of the party to file such a motion *when so ordered shall* preclude appellate review of the issues ordered to be raised in the motion. The party, however, need not raise all the issues it intends to raise on appeal in such motion to preserve them for appellate review.

**(c) Motion; Contents; Time.**

The court may grant a defendant a new trial if required in the interests of justice. The motion for new trial shall be in writing and shall point out with particularity the defects and errors complained of. A motion based upon newly discovered evidence or jury misconduct shall be supported by affidavits. A motion for a new trial based on newly discovered evidence shall be filed as soon after entry of judgment as the facts supporting it become known to the defendant, but if a review is pending the court may grant the motion only on remand of the case. A motion for a new trial other than on the ground of newly discovered evidence shall be filed within fifteen days after verdict or finding of guilt or within such additional time as the court may fix *during* the fifteen-day period.

Crim.P. 33(b) and (c) (emphasis added), 7B C.R.S. (1986 Supp.). The rule is clear that the court has discretion whether to direct a party to file a post-trial motion. If the court does so direct, however, a party's failure to file such a motion within the specified period of time removes the court of jurisdiction to adjudicate the subject matter. The defendant cites *People v. Moore,* 193 Colo. 81, 562 P.2d 749 (1977), and *Haas v. People,* 155 Colo. 371, 394 P.2d

---

**1.** We do not know the specific statutory sections with which the defendant was charged because the petitioners did not provide us with the charging information. This knowledge is not pertinent to our analysis of the issue.

845 (1964), for the proposition that Crim.P. 33(c) is merely a procedural requirement to preserve appeal issues and is not a jurisdictional requirement. Both cases are inapposite to the recently amended Crim.P. 33.[2] Crim.P. 33(c), as amended, is clear as to the time limit placed upon a motion for new trial, and Crim.P. 33(b) is clear as to the jurisdictional requirement when the court orders a party to file a motion for a new trial. Here, the court initially granted the defendant thirty days within which to file his motion for new trial, thereby extending the fifteen day period. Such an extension is proper under Crim.P. 33(c) because it was set "during the fifteen day period." Thirty-nine days then expired, and the court granted the defendant additional time to file the motion for new trial. The rule clearly prohibits the subsequent extension of time because it was granted after the original fifteen day period had expired. Crim.P. 33(c), 7B C.R.S. (1986 Supp.). Under Crim.P. 33(b), the failure of the party claiming error to file a motion for new trial "when so ordered," prohibits that party from appellate review of the issues "ordered" to be raised in the motion. Logically, such a failure also prohibits the trial court from granting an untimely motion for new trial.

Further, *People v. Moore* involved the failure, on the part of the People, to object to the trial court's untimely hearing on the defendant's motion for new trial. The issue was one of waiver. Likewise, in *Haas v. People*, the issue was whether the timely filing of a motion to set aside the verdict and for the entry of a judgment of acquit-

tal under Crim.P. 29(b) was sufficient to satisfy the motion for new trial requirement. Here, the defendant not only failed to file a timely motion for new trial, he also failed to file a motion to set aside the verdict or to enter a judgment of acquittal. Accordingly, we reject the defendant's contention that Crim.P. 33 is merely a procedural requirement.

Defense counsel next contends that the petitioner failed to establish its burden that the respondent district court proceeded without or in excess of its jurisdiction because it failed to provide us with an adequate record of the proceedings which occurred on August 25, 1986, the date the trial court granted the motion for new trial. The only record provided on that date is a copy of a minute order entered on August 25, 1986, which simply states in pertinent part that the court grants the motion for new trial.

■■■ A petitioner seeking prohibition under C.A.R. 21 assumes the responsibility of providing us with a record sufficient to substantiate the request for extraordinary relief. *White v. District Court*, 695 P.2d 1133 (Colo.1984); *Mitchell v. District Court*, 672 P.2d 997 (Colo.1983). While we do not have the transcript of the August 25 proceeding, the petitioner did provide us with a sufficient record of the post-trial motions and court proceedings to satisfy its burden of establishing that the respondent district court did exceed its jurisdiction. The record of the July 14, 1986, hearing shows that it was not the intention of de-

---

2. Crim.P. 33 was amended on March 15, 1985, and became effective on July 1, 1985. The rule, prior to amendment, stated:

(a) **No Review unless Motion Made.** The party claiming error in the trial of any case must move the trial court for a new trial, and the trial court may not dispense with the necessity for filing such a motion but may dispense with oral argument on the motion after it is filed. Only questions presented in such motion will be considered by the appellate court on review.

(b) **Motion; Contents; Time.** The court may grant a defendant a new trial if required in the interest of justice. The motion for a new trial shall be in writing and shall point

out with particularity the defects and errors complained of. A motion based upon newly discovered evidence or jury misconduct shall be supported by affidavits. A motion for a new trial based upon newly discovered evidence shall be filed as soon after entry of judgment as the facts supporting it become known to the defendant, but if a review is pending the court may grant the motion only on remand of the case. A motion for a new trial other than on the ground of newly discovered evidence shall be filed within fifteen days after verdict or finding of guilt or within such additional time as the court may fix during the fifteen-day period.

7B C.R.S. (1984).

fense counsel to file a motion for new trial. The defense motion for new trial supports defense counsel's July 14 statements, and it contains no claim of excusable neglect. Further, the defense counsel makes no claim that the court made any further findings at the August 25 proceeding. We hold that the record, as presented as a whole, establishes that the reasons for the defense counsel's failure to file a motion for new trial after the court had so ordered was an intentional choice by the defense, not excusable neglect.

The rule to show cause is made absolute.

DUBOFSKY, J., does not participate.