Mr. Chief Justice Pringle
delivered the opinion of the Court.
This interlocutory appeal is brought by Patterson, hereinafter referred to as the defendant, from an adverse ruling in the trial court on his motion to suppress evidence, which he alleges was obtained in violation of his constitutional rights. Insofar as is applicable to the issue raised here, his motion to suppress in the court below alleged that narcotic substances were seized from him by entrapment. The district attorney moved to quash the motion on the grounds that entrapment is a defense to the merits, and is not a proper ground for a motion to suppress. The trial court agreed with the position of the district attorney and denied the motion.
The law is clear that entrapment is a defense which goes to the merits of the charge against a defendant. Gonzales v. People, 168 Colo. 545, 452 P.2d 46; Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413. Entrapment does not present a question of admissibility of evidence, but presents rather the proposition that a conviction may not be obtained, no matter what the evidence, where the authorities instigated the acts complained of, and this is generally a question of fact for a jury. We hold, therefore, that entrapment is not within the scope of Crim. P. 41(e) which deals solely with the question of admissibility.
Unless an adverse trial court ruling is within the scope of Crim. P. 41(e) or (g), it is not within our jurisdiction on interlocutory appeal under C.A.R. 4.1.
The ruling is affirmed.