**The PEOPLE of the State of Colorado, Plaintiff-Appellant,**

v.

**Herbert Dale LINDSEY, Defendant-Appellee.**

**No. 82SA536.**

Supreme Court of Colorado, En Banc.

March 14, 1983.

/s/ Don Taylor
Affiant"

Robert L. Russel, Dist. Atty., Daniel C. Zook, Deputy Dist. Atty., Colorado Springs, for plaintiff-appellant.

David F. Vela, State Public Defender, Michael A. Warren, Deputy State Public Defender, Denver, for defendant-appellee.

NEIGHBORS, Justice.

This is an interlocutory appeal of the trial court's order "suppressing" statements made by the defendant to a polygraph examiner during and after a polygraph examination. We dismiss the appeal.

The defendant is charged in an information filed in the district court for El Paso County with two counts of sexual assault on a child.[1] The defendant filed a motion to suppress all statements made by him to the police about the crimes charged. The record establishes the following facts and trial court action relating to the motion to suppress:

On April 23, 1982, Detective Robert B. Kean of the Colorado Springs Police Department was assigned to investigate a report of sexual assault on a child. Detective Kean learned that the defendant and his wife were babysitters for the alleged victims of the sexual assaults. Detective Kean contacted the defendant and made an appointment to talk with him in the interview room at the detective division. The defendant voluntarily appeared for the interview

on April 30, 1982. Detective Kean advised the defendant of the nature of the investigation and further advised him of his *Miranda* rights. The defendant told Detective Kean that he understood his rights and that he was willing to discuss the matter. The defendant denied any inappropriate sexual contact with the alleged victims. Detective Kean told the defendant that he did not believe children of that age "make that kind of allegation up." Detective Kean requested that the defendant take a polygraph examination. The defendant agreed to the request.

Detective Kean again interviewed the defendant on May 26, 1982, approximately one month after the first interview. On that date, the defendant took a polygraph examination. Detective Kean interviewed the defendant after the polygraph examination had been completed. The defendant was advised of his *Miranda* rights, which he again waived. The defendant made a somewhat inculpatory statement to Detective Kean in which he admitted that there had been sexual contact between him and one of the victims when he attempted to remove a splinter of wood from the child's vagina. The defendant further admitted touching the other child in her crotch area when he placed her on his lap. Detective Kean told the defendant he "didn't believe his story." The trial court denied the motion to suppress the statements made by the defendant to Detective Kean.

The polygraph examination was conducted by Officer Bernard E. Eldridge of the Colorado Springs Police Department. Prior to beginning the examination, Officer Eldridge told the defendant that he was not required to take the polygraph examination and advised him of his *Miranda* rights. The defendant waived his rights in writing. The polygraph examination was then administered. The defendant again denied any sexual contact with the two girls. After the examination was completed, Officer Eldridge told the defendant that he did not believe the defendant "had been truthful

1. Section 18–3–405, C.R.S.1973 (1978 Repl.Vol. 8).

with me with his previous statements and his denials." The defendant then made statements to Officer Eldridge generally consistent with those made later to Detective Kean. At the conclusion of the hearing on the motion to suppress statements, the trial court "suppressed" all statements made to Officer Eldridge during and after the examination. It is that order from which the People have appealed.

## I.

The trial court found that the statements made to Officer Eldridge were voluntary. However, the trial court "suppressed" the statements because they "were so intertwined with the polygraph matter" that the defendant would be unfairly prejudiced by their admission. Therefore, we deem the trial court's decision to be an evidentiary ruling rather than an order granting a motion to suppress evidence under Crim.P. 41.

## A.

In *People v. Anderson,* 637 P.2d 354 (Colo. 1981), we held that "evidence of polygraph test results and testimony of polygraph examiners is *per se* inadmissible at a criminal trial." 637 P.2d at 362. In the present case the trial court found the statements made to Officer Eldridge were voluntary. Accordingly, the trial court was faced with making an evidentiary decision: Are voluntary statements made during and after a polygraph examination admissible in a criminal trial? The trial court, in effect, found that the probative value of the state-

ments was substantially outweighed by the unfair prejudice which would result from defense counsel's inability to cross-examine Officer Eldridge, who would testify to the contents of the statements and the circumstances under which they were given. *See* C.R.E. 403. We express no opinion as to the correctness of the trial court's *in limine* ruling.

## B.

What is clear in this case is that the People are attempting to appeal a pre-trial evidentiary ruling[2] under the provisions of C.A.R. 4.1, which states in pertinent part:

"(a) *Grounds.* The state may file an interlocutory appeal in the supreme court from a ruling of a district court granting a motion under Crim.P. 41(e) and (g) . . . made in advance of trial by the defendant for return of property and to suppress evidence or granting a motion to suppress an extra-judicial confession or admission . . . ."

Interlocutory appeals under C.A.R. 4.1 may be appealed only from adverse rulings on Crim.P. 41 motions. *People v. Fidler,* 175 Colo. 90, 485 P.2d 725 (1971). Specifically, C.A.R. 4.1 is designed to review rulings made by trial courts at suppression hearings under Crim.P. 41(e)[3] and 41(g).[4] *People v. Thornburg,* 173 Colo. 230, 477 P.2d 372 (1970). Each of the grounds enumerated in Crim.P. 41(e) and 41(g) is premised on Fourth, Fifth, Sixth, or Fourteenth Amendment rights. *People v. Fidler, supra.* Unless an adverse trial court

2. In the conclusion of their brief the People state:

"It is apparent that the District Judge based his suppression of the defendants [sic] statements, not on valid grounds such as voluntariness or *Miranda* violations, but on the mere fact they were associated with a polygraph examination."

3. The relevant provisions of Crim.P. 41(e) are:

"*Motion for Return of Property and to Suppress Evidence.* A person aggrieved by an unlawful search and seizure may move the district court for the county where the property was seized for the return of the property and to suppress for use as evidence anything so obtained on the ground that:

(1) The property was illegally seized without warrant; or
(2) The warrant is insufficient on its face; or
(3) The property seized is not that described in the warrant; or
(4) There was not probable cause for believing the existence of the grounds on which the warrant was issued; or
(5) The warrant was illegally executed."

4. The relevant provision of Crim.P. 41(g) is:

"*Suppression of Confession or Admission.* A defendant aggrieved by an alleged involuntary confession or admission made by him, may make a motion under this Rule to suppress said confession or admission."

ruling is within the scope of Crim.P. 41(e) and 41(g), it is not within an appellate court's jurisdiction on interlocutory appeal under the provisions of C.A.R. 4.1. *People v. Patterson,* 175 Colo. 19, 485 P.2d 494 (1971). Simply stated, interlocutory appeals may not be used to obtain pre-trial review of issues not covered by C.A.R. 4.1. *People v. Dailey,* 639 P.2d 1068, 1076 n. 8 (Colo. 1982). Likewise, C.A.R. 4.1 may not be used to "piggyback" issues not embraced by that rule to obtain review of pre-trial evidentiary decisions. *People v. Morrison,* 196 Colo. 319, 583 P.2d 924 (1978).

### C.

The People's reliance upon the recently announced decision of the United States Supreme Court in *Wyrick v. Fields,* —— U.S. ——, 103 S.Ct. 394, 74 L.Ed.2d 214 (1982), is misplaced. In *Fields,* the Supreme Court held only that post-polygraph test statements were not inadmissible under the fifth amendment simply because the defendant was not readvised of his *Miranda* rights before the police began further questioning based on the results of the examination. The evidence issue was not before the Supreme Court. However, the Court observed in a footnote that "[a]lthough the results of the polygraph examination might not have been admissible evidence, the statements Fields made in response to questioning during the course of the polygraph examination surely would have been." —— U.S. at ——, 103 S.Ct. at 396. The quoted language further emphasizes that the issue before us is one of admissibility of evidence under the Colorado Rules of Evidence and not a question of constitutional proportions as required by C.A.R. 4.1 and Crim.P. 41.

### II.

C.A.R. 4.1 provides for interlocutory appeals to review rulings made by trial courts at suppression hearings held pursuant to Crim.P. 41(e) and (g). Since the People's objection to the trial court's ruling does not come within the provisions of Crim.P. 41, it is not subject to interlocutory review under C.A.R. 4.1.

The People's appeal is dismissed.