Richard John LAMB,
Petitioner-Appellant,

v.

The COUNTY COURT In and For the COUNTY OF GRAND, State of Colorado, and the Honorable Larry L. Petersen, Presiding Judge, Respondents-Appellees.

No. 83CA1123.

Colorado Court of Appeals,
Div. I.

Dec. 27, 1984.

Rehearing Denied Feb. 21, 1985.

Richard D. Dittemore, P.C., Jerome V. Porter, Englewood, for petitioner-appellant.

No appearance for respondents-appellees.

PIERCE, Judge.

Petitioner, Richard John Lamb, appeals the judgment of the district court dismissing his C.R.C.P. 106(a)(4) action against the Grand County Court and Judge Larry L. Petersen. We affirm.

This proceeding stems from the issuance of a summons and complaint charging Lamb, among other charges, with driving under the influence (DUI). Lamb moved to dismiss the DUI charge on the grounds that his statutory rights under § 42–4–1202, C.R.S. (1984 Repl.Vol. 17) were violated when the arresting officer did not implement the blood test as requested by Lamb. The county court denied Lamb's motions, and further, on its own motion, suppressed all reference by the arresting officer to Lamb's alleged failure to respond to the officer's question concerning whether he wanted a chemical test of his breath or blood and Lamb's statements made in response to all such questions.

Lamb then filed a verified complaint pursuant to C.R.C.P. 106(a)(4) in district court alleging that the county court had exceeded its jurisdiction and abused its discretion in allowing the prosecution of Lamb to continue on the DUI charge and in suppressing the officer's questions and Lamb's answers on its own motion. The district court dismissed Lamb's complaint. We agree with the district court that a C.R.C.P. 106(a)(4) action is not the proper means to challenge the county court's ruling.

I.

Lamb first argues that dismissal of the DUI charge under the facts in this case is not discretionary, but is jurisdictional and mandatory, according to *People v. Gillett*, 629 P.2d 613 (Colo.1981) and *Zahtila v. Motor Vehicle Division*, 39 Colo.App. 8, 560 P.2d 847 (1977). He therefore asserts that review under C.R.C.P. 106(a)(4) is appropriate. We conclude that neither of the cited cases provide a basis for a C.R.C.P. 106 proceeding. Thus, the court did not exceed its jurisdiction in allowing prosecution of Lamb on the DUI charge.

II.

Lamb contends that a writ of prohibition is appropriate because the complaint is not defective on its face, proper relief can be granted under C.R.C.P. 106, and there is no plain, speedy, or adequate remedy under the appellate procedure. In support of this argument, Lamb cites *Bustamante v. District Court*, 138 Colo. 97, 329 P.2d 1013 (1958), and *Markiewicz v. Black*, 138 Colo. 128, 330 P.2d 539 (1958). We find neither case to be pertinent here.

The *Bustamante* decision held that a writ of prohibition was proper to prevent the prosecution of an indictment which had not been returned within the statutory time limitations. The *Markiewicz* case held that such a writ was proper to protect petitioner's constitutional right against double jeopardy. Thus, both decisions recognize that a trial court cannot proceed in a matter contrary to constitutional and statutory jurisdictional limits. *See County Court v. Ruth*, 194 Colo. 352, 575 P.2d 1 (1977).

However, the requirement of § 42–4–1202(3)(a)(II), C.R.S. (1984 Repl.Vol. 17) that the blood test be given if it is requested by the driver is not a jurisdictional limitation. Rather, such a requirement goes to the admissibility of certain evidence. Thus, the court has not yet had the opportunity to consider the application of the statute here.

The issuance of a writ of prohibition is not a matter of right; rather, it is

within the trial court's broad discretionary powers. *Information Please, Inc. v. District Court,* 194 Colo. 42, 568 P.2d 1162 (1977). And, contrary to Lamb's contention, we find no abuse of that discretion here.

### III.

■ Also, Lamb does, in fact, have plain, speedy, and adequate relief under appellate, rather than certiorari, procedure. Lamb in effect complains that the county court erroneously denied his motion. If this denial is erroneous, it can ultimately be reviewed on appeal from a final judgment. *Prinster v. District Court,* 137 Colo. 393, 325 P.2d 938 (1958).

The other issue raised by Lamb is without merit.

The judgment is affirmed.

STERNBERG and BABCOCK, JJ., concur.