The PEOPLE OF the CITY AND COUNTY OF DENVER, Plaintiff–Appellant,

v.

Honorable Alfred C. HARRELL, one of the Denver County Court Judges and Aikaterine Tsadakis, Defendants–Appellees.

No. 86CA1520.

Colorado Court of Appeals, Div. III.

July 7, 1988.

Stephen H. Kaplan, City Atty., James S. Russell, Howard E. Willner, Asst. City Attys., Denver, for plaintiff-appellant.

Tallmadge, Tallmadge, Wallace & Hahn, P.C., John W. Smith, III, Andrew S. Armatas, Denver, for defendant-appellee Alfred C. Harrell.

No appearance for defendant-appellee Aikaterine Tsadakis.

STERNBERG, Judge.

In this case, the county court dismissed a traffic prosecution, and the city sought review in the district court pursuant to C.R.C.P. 106(a)(4). The district court dismissed the action, finding that the city should have filed an appeal pursuant to Colorado Municipal Court Rule 237. The city appeals that dismissal to this court, contending that the district court should have reached the merits of its C.R.C.P. 106 action. We disagree, and affirm.

By its terms, relief under C.R.C.P. 106(a)(4) is available only when a party has "no [other] plain, speedy, and adequate remedy." C.M.C.R. 237(b) and Crim.P. 37 provide that a prosecutor may appeal a legal error by a county court to the district court (or in Denver at the time of the dismissal here, to the superior court). *See Kirbens v. Martinez,* 742 P.2d 330 (Colo. 1987). Because the error claimed here occurred prior to trial, double jeopardy prohibitions did not preclude the city from continuing with the prosecution if it prevailed on appeal. *See People v. Fueston,* 749 P.2d 952 (Colo.1988). Furthermore, the statute of limitations and the speedy trial period are tolled during the pendency of an appeal. *See People v. Jamerson,* 198 Colo. 92, 596 P.2d 764 (1979).

Therefore, the city's C.R.C.P. 106(a)(4) action could not be entertained in the district court, because it had another adequate remedy: appeal. The fact that this remedy may now be unavailable is irrelevant.

Because of our disposition, we need not reach the city's arguments with respect to the propriety of the county court's action.

Judgment affirmed.

METZGER and HUME, JJ., concur.