The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

The ADAMS COUNTY COURT and One of its Judges, the Honorable John J. Vigil, Defendants–Appellees.

No. 89CA0245.

Colorado Court of Appeals, Div. VI.

May 3, 1990.

James F. Smith, Dist. Atty., Peter G. Hautzinger, Donald S. Quick, Deputy Dist. Attys., Brighton, for plaintiff-appellant.

John L. Latta, Denver, for defendants-appellees.

Opinion by Judge SILVERSTEIN *.

In this C.R.C.P. 106(a)(4) action, the People appeal the dismissal of a complaint seeking review of a county court ruling in a prosecution for various traffic offenses. We affirm.

Duane Bailey was charged in the county court with driving under the influence of alcohol (DUI), driving with an excessive blood alcohol content, and careless driving. Before trial, Bailey moved to suppress the results of the state's blood alcohol test. Following a hearing, the county court ruled that, although there were no constitutional violations, the state's blood test results would be inadmissible at trial because Bailey was not under arrest when the test was administered.

The prosecution challenged this ruling in the district court pursuant to C.R.C.P. 106(a)(4), alleging that the county court had exceeded its jurisdiction and abused its discretion in suppressing the blood test results. The district court ruled that it lacked jurisdiction to review the county court's pretrial evidentiary ruling under C.R.C.P. 106(a)(4). The district court therefore dismissed the complaint, and this appeal followed. We agree with the district court that a C.R.C.P. 106(a)(4) action is not the proper means to challenge the county court's pretrial evidentiary ruling.

Proceedings authorized by C.R.C.P. 106(a)(4) are extraordinary in nature, and the rule cannot be used as a substitute for prescribed appellate procedures. Rather, relief under C.R.C.P. 106(a)(4) is available only when a party has no other plain, speedy, and adequate remedy available. *Kirbens v. Martinez*, 742 P.2d 330 (Colo. 1987); *People v. Harrell*, 759 P.2d 847 (Colo.App.1988).

In *Fisher v. County Court*, 718 P.2d 549 (Colo.App.1986), this court held that a criminal defendant could not challenge a county court's pretrial evidentiary ruling in a DUI prosecution in a C.R.C.P. 106(a)(4) proceeding. *See also Lamb v.*

*County Court*, 697 P.2d 802 (Colo.App. 1984). We noted in *Fisher* and *Lamb* that a pretrial evidentiary ruling does not affect the jurisdiction of the county court to proceed, and that any error in such a ruling must be corrected by appeal rather than by extraordinary proceedings under C.R.C.P. 106(a)(4). Similarly, we agree with the district court that there is no compelling reason to make an exception for the prosecution to allow it to proceed under C.R.C.P. 106(a)(4) in this case.

The prosecution notes that, although it could pursue a direct appeal of the county court's ruling following a trial, double jeopardy prohibitions would then bar a retrial if it prevailed on appeal, and no such restrictions apply to direct appeals taken by a criminal defendant. *See* Crim.P. 37; § 16–12–102(1), C.R.S. (1986 Repl. Vol. 8A). However, we note that the prosecution, unlike a criminal defendant, is also authorized to take an interlocutory appeal from certain pretrial rulings of the county court. *See* Crim.P. 41.2; *see also* C.A.R. 4.1.

Moreover, even if we assume that the alternate remedy of an interlocutory appeal was unavailable to the prosecution to challenge the county court's ruling here, *see People v. Bowers*, 716 P.2d 471 (Colo. 1986), we conclude that C.R.C.P. 106(a)(4) may not be used to obtain review of pretrial evidentiary rulings not covered by Crim.P. 41.2. *See People v. Lindsey*, 660 P.2d 502 (Colo.1983) (interlocutory appeals not available for issues not covered by C.A.R. 4.1). If C.R.C.P. 106(a)(4) could be so used, the prosecution could bypass prescribed appellate procedures in favor of extraordinary review in connection with virtually every adverse pretrial ruling by the county courts. *See Kirbens v. Martinez, supra.* Accordingly, the district court properly dismissed the prosecution's complaint for lack of jurisdiction under C.R.C.P. 106(a)(4).

In light of this disposition, we do not reach the arguments of the parties as to

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl. Vol. 10B).

the propriety of the county court's pretrial evidentiary ruling.

Judgment affirmed.

KELLY, C.J., and PLANK, J., concur.