1 

2025 CO 65
 The People of the State of Colorado, Plaintiff-Appellant v. Thomas James Havens. Defendant-Appellee 
No. 25SA154
Supreme Court of Colorado, En Banc
December 22, 2025
 Interlocutory Appeal from the District Court Fremont County District Court Case No. 24CR404 Honorable Lauren T. Swan, Judge 
 Attorneys for Plaintiff-Appellant: Jeffrey D. Lindsey, District Attorney, Eleventh Judicial District Stephanie B. Miller, Senior Deputy District Attorney Cañon City, Colorado 
 Attorneys for Defendant-Appellee: Thom LeDoux Law, PLLC Thom LeDoux Cañon City, Colorado 
 
2

 JUSTICE BERKENKOTTER delivered the Opinion of the Court, in which CHIEF JUSTICE MÁRQUEZ, JUSTICE BOATRIGHT, JUSTICE HOOD, JUSTICE GABRIEL, and JUSTICE SAMOUR joined. JUSTICE HART did not participate. 
 
3

 OPINION 
 BERKENKOTTER, JUSTICE 
 ¶1 As of July 1, 2023, all local law enforcement agencies in the State of Colorado and the Colorado State Patrol must provide a body-worn camera ("BWC") for each peace officer who interacts with members of the public. § 24-31-902(1)(a)(I), C.R.S. (2025). The statute sets forth requirements for officers concerning their BWCs. § 24-31-902(1)(a)(II). It also explains the consequences of an officer's failure to activate a BWC as required by the statute. § 24-31-902(1)(a)(III). If an officer fails to comply with the BWC statute, there is a permissive inference that the missing footage would have reflected misconduct by the officer. Id. The statute also creates a rebuttable presumption of inadmissibility as to any statements or conduct that were not recorded due to the officer's failure to activate or reactivate their BWC. Id. 
 ¶2 In this interlocutory appeal, we review a district court's order suppressing evidence seized from defendant Thomas James Havens's motel room during the execution of a search warrant. The court concluded that the search warrant did not establish probable cause as the only basis for the location of the search was a statement by a motel clerk that was not recorded. The statement was not recorded because the officer who spoke with the clerk had previously turned his BWC audio off and failed to reactivate it during their conversation. 
 
4

 ¶3 The district court was persuaded that the prosecution had committed a discovery violation because it did not produce a report explaining the officer's failure to unmute his BWC audio. As a discovery sanction, the court prohibited the officer from testifying at the suppression hearing about his failure to unmute his BWC or any of the clerk's statements. The court additionally concluded that the officer's testimony as to both topics was inadmissible under the rebuttable presumption of inadmissibility in the BWC statute. It then reasoned that without the officer's testimony, the permissive inference that the missing audio reflected misconduct by the officer had not been rebutted. And because there was no testimony about the clerk's statement that was the sole basis for the location of the search (i.e., Havens's motel room), the search warrant did not establish probable cause. The court, accordingly, suppressed all the fruits of the search. 
 ¶4 Because the court erroneously granted the motion to suppress based on its misinterpretation of the BWC statute and Crim. P. 16, and because the prosecution should have been given an opportunity to rebut the presumption of inadmissibility, we reverse the court's suppression order and remand the case to the district court to hold a hearing as required by the BWC statute. 
 I. Facts and Procedural History 
 ¶5 In a Motel 6 parking lot, Canon City Police Department ("CCPD") Officer Austin Modlin and other CCPD officers stopped Havens for a traffic infraction. 
 
5

 Havens was arrested for outstanding warrants. Officer Modlin observed drug paraphernalia in plain view in Havens's car. After he called for a drug K-9 to sniff the vehicle, the K-9 alerted on the car, and the officers searched it. The officers found illegal narcotics, a firearm, bullets, and a ledger. Havens told the officers that he was staying in room 220 of the motel. 
 ¶6 While searching the vehicle, Officer Modlin disabled the audio on his BWC because personal conversations unrelated to the case were occurring around him. After searching the car, he went into the motel to verify that Havens was staying in room 220 as Havens had stated. The motel clerk told Officer Modlin that Havens was staying in room 223 (not room 220 as Havens said). Officer Modlin failed to unmute his BWC while talking to the motel clerk. So, even though the BWC video recording was activated, the conversation with the motel clerk and the room number that she gave were not captured by audio. 
 ¶7 Using this information, Officer Modlin applied for and obtained a warrant to search room 223. The motel clerk's statement that Havens was staying in room 223 was the only basis in the search warrant affidavit regarding the location to be searched. When officers executed the warrant, they seized more illegal narcotics and drug paraphernalia. Based on the evidence seized in the vehicle and room 223, the prosecution charged Havens with two counts of possession with intent to distribute a controlled substance, two counts of violation of a protection 
 
6

 order, possession of a defaced firearm, failure to obey a traffic control device, and possession of drug paraphernalia. 
 ¶8 Havens filed a motion to suppress the evidence found in room 223. Havens argued that because Officer Modlin's police report did not explain why he muted his BWC audio, and because the prosecution had failed to provide an explanation, the prosecution had violated Crim. P. 16. He further asserted that Officer Modlin's testimony regarding the motel clerk's statement was inadmissible in light of the BWC statute's presumption of inadmissibility. 
 ¶9 Havens additionally claimed that Officer Modlin's statement in the search warrant application that Havens "had rented room 223" lacked the necessary veracity and, pursuant to Franks v. Delaware, 438 U.S. 154, 156 (1978), "must be 'set to one side.'"[1] Without the statement of the motel clerk regarding the location to be searched, Havens urged, the warrant lacked probable cause to search room 223. 
 ¶10 The district court agreed. As a discovery sanction, it prohibited Officer Modlin from testifying about why his BWC audio had been muted. The court also 
 
7

 prohibited Officer Modlin, as a discovery sanction, from testifying about the clerk's statements, including her statement that Havens was staying in room 223. Based on these rulings, the district court then found that the defense had met its burden as to the veracity challenge under Franks. Specifically, it concluded that without Officer Modlin's testimony, the permissive inference that the missing audio reflected misconduct by Officer Modlin had not been rebutted. And because the clerk's statement was the sole basis for the warrant that authorized the search of Havens's motel room, the court held that the search warrant did not establish probable cause. The court, accordingly, suppressed all the evidence seized in room 223. 
 ¶11 The prosecution then filed this interlocutory appeal. 
 II. Analysis 
 ¶12 We begin by reviewing the basis for our jurisdiction and the applicable standard of review. We then review the BWC statute and Crim. P. 16 to determine whether the district court erred when it suppressed the evidence found in room 223 because Officer Modlin failed to unmute his BWC audio. We conclude that the district court erred. The prosecution does not have an obligation under the BWC statute nor under Crim. P. 16 to provide a report to the defense when an officer fails to unmute the audio on a BWC. Thus, the court mistakenly barred Officer Modlin's testimony as a discovery sanction. 
 
8

 ¶13 Additionally, the statements by the motel clerk are subject to the rebuttable presumption of inadmissibility. Despite this, the prosecution did not have the opportunity to present evidence regarding the officer's failure to comply with the BWC statute or what the motel clerk told him. This led the district court to read the clerk's statement out of the search warrant affidavit and, as a result, to erroneously suppress the evidence found in room 223. 
 A. Jurisdiction 
 ¶14 Under C.A.R. 4.1(a), the prosecution may file an interlocutory appeal in this court to review a district court's order granting a motion to suppress. Here, the prosecution asks this court to review the district court's order suppressing the evidence found in the motel room. Accordingly, we have jurisdiction to review the district court's suppression order under Rule 4.1. 
 B. Standard of Review 
 ¶15 Our review of a court's suppression order presents a mixed question of fact and law. People v. Hyde, 2017 CO 24, ¶ 9, 393 P.3d 962, 965. We defer to a court's findings of fact when they are supported by the record, but we assess the legal effect of those facts de novo. Id. A court's legal conclusion can be corrected if the court applied an erroneous legal standard to the facts of the case. People v. Munoz-Gutierrez, 2015 CO 9, ¶ 14, 342 P.3d 439, 443. 
 
9

 C. The BWC Statute 
 ¶16 All local law enforcement agencies in the state and the Colorado State Patrol must provide BWCs for each of their peace officers who interact with members of the public. § 24-31-902(1)(a)(I). These officers must wear and activate their BWCs when interacting with the public for the purpose of enforcing the law or investigating possible violations of the law. § 24-31-902(1)(a)(II)(A). Officers may turn off their BWCs to avoid recording personal information that is not case related. § 24-31-902(1)(a)(II)(B). 
 ¶17 However, if an officer fails to activate a BWC as required by the statute, "there is a permissive inference in any investigation or legal proceeding . . . that the missing footage would have reflected misconduct by the [police] officer." § 24-31-902(1)(a)(III). Additionally, any statements that the prosecution seeks to introduce through that officer that were not recorded due to the officer's failure to activate or reactivate the BWC as required by this section are subject to a rebuttable presumption of inadmissibility. Id. Importantly, the statute does not require an explanation for a failure to activate or reactivate a BWC.[2] Id. 
 
10

 ¶18 Here, Officer Modlin muted his BWC because personal conversations not related to the case were occurring around him. He should have, however, reactivated the audio on his BWC when speaking with the motel clerk. But there is nothing in the statute that suggests that the prosecution must provide a report or other documentation explaining this type of failure to unmute a BWC. Instead, the statute creates a permissive inference that missing BWC audio reflects officer misconduct. The statements by the motel clerk are additionally subject to the rebuttable presumption of inadmissibility. Critically, because the presumption is rebuttable, the prosecution should have had the opportunity to present evidence explaining the officer's failure to comply with the BWC statute. Despite this, the district court prohibited Officer Modlin from testifying about why he failed to unmute his BWC and what the motel clerk told him. This led the district court to read the clerk's statement out of the search warrant affidavit and, as a result, erroneously suppress the evidence found in room 223. 
 D. Crim. P. 16 
 ¶19 Havens contends that the district court correctly suppressed the evidence seized in room 223 based on its conclusion that the prosecution violated its discovery obligations under Crim. P. 16. We disagree. 
 
11

 ¶20 Crim. P. 16(I)(a) sets out the discovery procedures before trial, including the prosecutor's obligations. As relevant here, it requires the prosecution to disclose to the defense "[a]ny . . . tangible objects held as evidence in connection with the case," Crim. P. 16(I)(a)(1)(IV), and "the substance of any oral statements made to the police or prosecution by the accused," Crim. P. 16(I)(a)(1)(VIII). The prosecution must also disclose any exculpatory information in their control to the defense. Crim. P. 16(I)(a)(2); People v. Bueno, 2018 CO 4, ¶28, 409 P.3d 320, 326 (stating that Crim. P. 16(I)(a)(2) codifies the constitutional disclosure requirement as set forth in Brady v. Maryland, 373 U.S. 83 (1963)). Exculpatory information is "any material or information within [the prosecution's] possession or control which tends to negate the guilt of the accused as to the offense charged or would tend to reduce the punishment therefor." Crim. P. 16(I)(a)(2). If the prosecution fails to comply with these discovery requirements, then the court may issue sanctions prohibiting them from introducing evidence that was not disclosed. Crim. P. 16(III)(g); see also People v. Whittington, 2024 CO 65,¶ 18, 556 P.3d 805, 809. 
 ¶21 Here, the disclosure requirements set forth in Crim. P. 16(I)(a) were not implicated because the failure to unmute the audio on a BWC is not a tangible object, a statement by the accused, or inherently exculpatory. That is, the failure to unmute the audio does not tend to negate Havens's guilt or reduce his potential punishment. As such, the prosecution was not required to disclose that Officer 
 
12

 Modlin failed to unmute his audio to the defense, nor was it otherwise required to provide some type of report regarding this failure under the BWC statute. 
 ¶22 Simply put, the district court's misreading of the BWC statute and Crim. P. 16 led the court to erroneously suppress the evidence seized in Havens's motel room. 
 III. Conclusion 
 ¶23 Because the district court erroneously suppressed the evidence seized in Havens's motel room based on its misinterpretation of the BWC statute and Crim. P. 16, and because the prosecution should have had the opportunity to rebut the presumption of inadmissibility regarding the motel clerk's statement, we reverse the district court's suppression order and remand this case to the district court to hold a hearing as contemplated by the BWC statute. We express no opinion on how the district court should rule after its hearing on remand. 
 --------- 
 Notes: 
 [1] In Franks, the Supreme Court held that a defendant has the right to a hearing to contest the truthfulness of a search warrant affidavit under certain conditions. 438 U.S. at 155-56. If a defendant establishes by a preponderance of the evidence that an affidavit contains a false statement that was made intentionally or with reckless disregard for the truth, then the court sets aside the false statement. Id. at 156. If the remaining content is insufficient to establish probable cause, then the search warrant must be voided and the evidence obtained as a result of the search must be excluded. Id. 
 [2] There is one situation in which documentation is contemplated by the BWC statute, but it does not apply here. If the BWC was not activated due to a malfunction of the BWC, the officer was not aware of the malfunction, and the law enforcement agency's documentation shows that the officer checked the functionality of the BWC at the beginning of their shift, then the statute's evidentiary instructions do not apply. § 24-31-902(1)(a)(III). Officer Modlin did not assert that his BWC malfunctioned; rather, he indicated that he forgot to unmute the audio. 
 ---------