1
 2026 CO 27 The People of the State of Colorado, Plaintiff-Appellant v. Collin Schneider, Defendant-Appellee. No. 26SA55Supreme Court of Colorado, En BancMay 4, 2026

 Interlocutory Appeal from the District Court Logan County
 District Court Case No. 25CR186 Honorable Carl Sidney McGuire
 III, Judge

 Attorneys for Plaintiff-Appellant: Travis J. Sides, District
 Attorney, Thirteenth Judicial District Kayla Lynn Gehringer,
 Deputy District Attorney

 Attorneys for Defendant-Appellee: OllomPrice Criminal
 Defense, Ross Ollom Levi Price.

 PER
 CURIAM.

 ¶1
This case comes before us as an interlocutory appeal under
 C.A.R. 4.1 asking us to review a Logan County District Court
 order granting a defendant's pretrial motion to exclude
 evidence under section 24-31-902, C.R.S. (2025). That statute
 requires officers to activate their body-worn cameras under
 certain circumstances and creates a rebuttable presumption of
 inadmissibility of unrecorded evidence related to the
 incident if the officer fails to do so. §
 24-31-902(1)(a)(II)-(III). Because we conclude that we lack
 appellate jurisdiction to consider this case under C.A.R.
 4.1, we dismiss the appeal.

 I.
Facts and Procedural History

 ¶2
Defendant Collin Schneider was charged with vehicular eluding
 and reckless driving. Schneider filed a pretrial motion to
 exclude officers' testimony pursuant to section
 24-31-902, arguing that the officers failed to activate their
 body-worn cameras as required by that statute. He contended
 that there was no basis to rebut the statutory presumption of
 inadmissibility of the officers' testimony regarding the
 events that should have been recorded. Thus, he asserted, the
 officers' testimony regarding approximately twenty
 minutes of unrecorded police activity was inadmissible and
 must be excluded from trial. At the motions hearing, the
 district court's findings and conclusions on this issue
 related only to

 whether the police violated section 24-31-902. Ultimately,
 the district court granted Schneider's motion.

 ¶3
The People thereafter filed this C.A.R. 4.1 appeal
 challenging the district court's order excluding the
 officers' testimony under section 24-31-902.

 II.
Analysis

 ¶4
"Because we must always satisfy ourselves that we have
 jurisdiction to hear an appeal, we may raise jurisdictional
 defects sua sponte, regardless of whether the parties have
 raised the issue." People v. S.X.G., 2012 CO 5,
 ¶ 9, 269 P.3d 735, 737.

 ¶5
 Here, we conclude we lack jurisdiction to hear this case as
 an interlocutory appeal under section 16-12-102(2), C.R.S.
 (2025), and C.A.R. 4.1. Section 16-12-102(2) and C.A.R. 4.1
 authorize the prosecution to immediately appeal a district
 court's order granting a defendant's pretrial motion
 to suppress evidence based on certain constitutional
 violations. People v. Brown, 2022 CO 11, ¶ 13,
 504 P.3d 970, 974. Here, however, the district court's
 order granted a motion to exclude evidence under section
 24-31-902. Because section 16-12-102(2) and C.A.R. 4.1 do not
 authorize such an appeal, we lack jurisdiction to consider
 it.

 ¶6
Section 16-12-102(2) authorizes the prosecution in criminal
 cases to file an interlocutory appeal in the supreme court
 under limited circumstances. Largely tracking the statute,
 Colorado Appellate Rule 4.1(a) limits our appellate review to

district court orders granting a defendant's pretrial
 motion under Crim. P. 41(e) and (g) and Crim. P. 41.1(i).
Crim. P. 41(e) concerns the return of property and the
 suppression of evidence resulting from an unlawful search and
 seizure; Crim. P. 41(g) concerns the suppression of an
 involuntary confession or admission; and Crim. P. 41.1(i)
 concerns nontestimonial identification evidence seized
 without sufficient grounds or a proper order. See
Phillips v. People, 2026 CO 21, ¶ ¶
 45-46,P.3d. Each of these grounds for suppression is premised
 on a violation of a defendant's Fourth, Fifth, Sixth, or
 Fourteenth Amendment rights. See People v. Lindsey,
 660 P.2d 502, 504 (Colo. 1983).

 ¶7
 Moreover, in suppression motions and under C.A.R. 4.1, the
 word "suppress" "is a specialized term
 denoting the exclusion from trial of any evidence procured
 illegally, typically in violation of the defendant's
 constitutional rights or protections."
Phillips, ¶ 35. "[W]e have gone so far as
 to indicate on multiple occasions that suppression is
 generally reserved for evidence obtained in violation of
 constitutional rights or protections and does not normally
 extend to evidence collected in violation of statutory
 rights." Id. at ¶ 36. Relevant here,
 "sup-press and exclude do not travel
 together as interchangeable terms." Id. at
 ¶ 39.

 ¶8
 By contrast, the motion and order excluding evidence here
 were grounded entirely in section 24-31-902. Under that
 statute, an officer must activate their body-worn camera

 when responding to a call for service, entering into a
 premises for the purposes of enforcing the law or in response
 to a call for service, during a welfare check except for a
 motorist assist, or during any interaction with the public
 initiated by the peace officer, whether consensual or
 nonconsensual, for the purpose of enforcing the law or
 investigating possible violations of the law. §
 24-31-902(1)(a)(II)(A).

 ¶9
 If an officer fails to do so, "there is a permissive
 inference in any investigation or legal proceeding . . . that
 the missing footage would have reflected misconduct by the
 peace officer." § 24-31-902(1)(a)(III). The failure
 to comply "creates a rebuttable presumption of
 inadmissibility" of "any statements or conduct
 sought to be introduced in a prosecution through the peace
 officer related to the incident that were not recorded."
Id.

 ¶10
 In this case, Schneider did not file a motion to suppress
 evidence under Crim. P. 41(e), (g), or Crim. P. 41.1(i).
Instead, he filed a motion to exclude officers'
 testimony under section 24-31-902 regarding about twenty
 minutes of unrecorded police activity. In addressing the
 motion, the district court did not mention any constitutional
 or enumerated basis under C.A.R. 4.1 to suppress
 officers' testimony. Instead, it granted Schneider's
 motion to exclude the testimony expressly and solely
 under section 24-31-902. Such a ruling is not encompassed by
 the confines of a C.A.R. 4.1 appeal. See Lindsey,
 660 P.2d at 505 ("Simply stated, interlocutory appeals
 may not be used to obtain pre-trial review of issues not
 covered by C.A.R. 4.1. Likewise, C.A.R. 4.1 may not be used
 to 'piggyback' issues

 not embraced by that rule to obtain review of pre-trial
 evidentiary decisions." (citation omitted) (quoting
People v. Morrison, 583 P.2d 924, 927 (Colo.
1978))).

 ¶11
 Although we considered the interaction of C.A.R. 4.1 and
section 24-31-902 in People v. Havens, 2025 CO 65,
 580 P.3d 1179, that case is distinguishable. There, the
 district court suppressed evidence because it was seized in
 violation of the Fourth Amendment — not based on a
 violation of section 24-31-902 itself. Havens,
 ¶¶ 1-3, 580 P.3d at 1180. In that case, an officer
 failed to activate the audio on his body-worn camera when
 talking to a motel clerk. Id. at ¶ 6, 580 P.3d
 at 1181. The court found that the officer's testimony
 about the clerk's statement was inadmissible under
 section 24-31-902. Havens, ¶ 3, 580 P.3d at
 1180. Because the clerk's statement was the sole basis
 for the search warrant, the court concluded that the warrant
 lacked probable cause. Id. Accordingly, the court
 suppressed the fruits of the search. Id. We had no
 reason to question our jurisdiction under C.A.R. 4.1 because
 the basis of the district court's ruling was
 constitutional rather than purely statutory.

 ¶12
People v. Soron, 2026 CO 3, 581 P.3d 778, another
 case appealed through C.A.R. 4.1, is likewise
 distinguishable. There, we discussed section 24-31-902 in the
 context of whether body-worn camera footage contained
 information within the scope of the physician-patient
 privilege. Soron, ¶¶ 38-42, 581 P.3d at
 786. The issue in that case did not concern the body-worn
 camera activation requirements

 under section 24-31-902(1)(a)(II). And although the defendant
 in Soron disputed our C.A.R. 4.1 jurisdiction,
 contending that the trial court based its order on alleged
 privilege and statutory violations not at issue here, we
 concluded that our jurisdiction was proper because the trial
 court expressly looked to Crim. P. 41(e), analyzed the
 questions according to the law governing search warrants, and
 relied on Fourth Amendment principles in issuing its ruling.
Soron, ¶¶ 18-19, 581 P.3d at 783. By
 contrast, the district court's ruling here was grounded
 entirely in section 24-31-902.

 ¶13
 In sum, the district court granted Schneider's pretrial
 motion to exclude evidence under section 24-31-902; it did
 not grant a pretrial motion to suppress evidence under Crim.
 P. 41(e), (g), or Crim. P. 41.1(i), nor did it discuss these
 rules or their underlying constitutional principles as
 grounds for its ruling. Because C.A.R. 4.1 does not authorize
 the prosecution to file an interlocutory appeal to review a
 district court's order granting a defendant's
 pretrial motion to exclude evidence under section 24-31-902,
 we conclude that we lack jurisdiction to consider the
 People's appeal.

 III.
Conclusion

 ¶14
 Because we lack appellate jurisdiction under section
 16-12-102(2) and C.A.R. 4.1, we dismiss the appeal.